IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-77,678-01






EX PARTE CHRISTOPHER DONTE LOUD, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 34,448 IN THE 66TH DISTRICT COURT


FROM HILL COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated
assault and sentenced to fifteen years' imprisonment. The Fourteenth Court of Appeals affirmed the
original judgment of conviction. Loud v. State, No. 14-09-00332-CR (Tex. App.-Houston [14th]
2010, pet ref'd).

 Applicant contends, among other things, that trial counsel rendered ineffective assistance
because he did not notice that the caption in the indictment and the offense listed in the
admonishments and other plea documents was not the charged offense. Applicant also contends 
counsel allowed Applicant to be placed on probation for the wrong offense. 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order counsel to respond to Applicant's claim. The trial court may use any means set out in
Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent him at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether: (1) Applicant
knew that the offense alleged in the indictment was aggravated assault with a deadly weapon; (2)
Applicant pleaded no contest, despite knowing that offense listed in the caption of the indictment
and other plea documents was not aggravated assault with a deadly weapon; and (3) if not, Applicant
would have insisted on a trial. The trial court shall also make findings and conclusions as to whether
counsel rendered Applicant's plea involuntary. The trial court shall also make any other findings
of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's
claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court.


Filed: August 22, 2012

Do not publish